# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LOUIE F. SEDILLO,

    Plaintiff,

v.                                                                        Case No. 18-cv-616 RB-SMV

HENRY CHAVEZ, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Louie Sedillo's Civil Rights Complaint. (Doc. 1.) Mr. Sedillo is incarcerated, appears *pro se*, and is proceedings *in forma pauperis*. He alleges a correctional officer attacked him while two other officers looked on. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court concludes the claims against the three correctional officers survive initial review. The Court will order an answer as to the correctional officers; dismiss the claims against the other Defendants; and grant leave to amend the defective claims.

**I.    Background**[1]

Mr. Sedillo was previously incarcerated at the Central New Mexico Correctional Facility (CNMCF). (*See* Doc. 1 at 1.) On March 2, 2018, Officer Henry Chavez conducted a "census" count of the inmates in Mr. Sedillo's pod. (*Id.*) Chavez asked to see Mr. Sedillo's identification. (*Id.*) Mr. Sedillo refused, stating: "I just returned from Court [and] they didn't give me one." (*Id.*) It appears he may not have stood up, as required during a census count, but that fact is unclear. (*Id.*) Chavez left the cell but promised to return that evening. (*Id.*)

---

[1] For the purpose of this ruling, the Court assumes the facts in the Complaint (Doc. 1) are true.

Shortly thereafter, Chavez sent Officers Christopher Gallegos and Nikolus Ortega to Mr. Sedillo's cell. (*See id.* at 6). Ortega kicked the cell door several times and stated: "Who the f\*\*k don't want to stand for count?" (*Id.*) Chavez joined the other officers, rushed into the cell, and yelled: "Do you have a problem with me?" (*Id.*) Mr. Sedillo was backing away from Chavez as they moved farther into the cell. (*Id.*) When they were completely inside, Chavez grabbed Mr. Sedillo by the throat and forcefully pushed him into a cell wall. (*Id.*) Mr. Sedillo suffered a blow to the head and was rendered unconscious. (*Id.*) Gallegos and Ortega were standing just outside of the cell door and witnessed the attack. (*Id.* at 6, 8.) They declined to intervene and "added fuel to the fire." (*Id.* at 6–7.)

When Mr. Sedillo regained consciousness, he could not move, and his vision was "in black and white." (*See id.* at 6). Prison officials activated a "use of force code," and Lieutenant Verette threatened him with pepper spray.[2] (*Id.*) Mr. Sedillo eventually visited the medical unit, where the nurse dispensed ice and aspirin. (*Id.*) After the attack, Officer Alfero wrote a "bogus" disciplinary report that "accus[ed] [Mr. Sedillo] of infractions [he] did not do." (*Id.* at 7.)

The Complaint raises claims under 42 U.S.C. § 1983, the Eighth Amendment, and the Due Process Clause against Chavez, Gallegos, Ortega, Alfero, and CNMCF Warden Smith. (*See* Doc. 1 at 2, 4.) Mr. Sedillo seeks the following damages from each Defendant: (a) $500,000 from Chavez; (b) $200,000 each from Gallegos and Ortega; and (c) $150,000 each from Alfero and Smith. (*Id.* at 11.) He also seeks a formal apology from each Defendant and asks the Court to remove any disciplinary report from his prison record. (*Id.*) He obtained leave to proceed *in forma*

---

[2] It does not appear that Verette sprayed Mr. Sedillo, and Verette is not listed as a Defendant. (Doc. 1 at 2–3.)

*pauperis,* and the matter is ready for initial review. (*See* Doc. 5.)

## II. Standards Governing Initial Review

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints filed while an individual is incarcerated. *See* 28 U.S.C. § 1915(e); *Brown v. Eppler*, 725 F.3d 1221, 1230 (10th Cir. 2013) (The PLRA applies to individuals who are incarcerated at the time of filing). The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Mr. Sedillo is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . .unfamiliarity with pleading requirements." *Id.* However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

3

(10th Cir. 2005).

## III. Discussion

The Complaint raises constitutional claims under 42 U.S.C. § 1983. (*See* Doc. 1 at 2.) "A cause of action under section 1983 requires the deprivation of a civil right by a [qualifying] 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Mr. Sedillo's allegations primarily pertain to Chavez, who attacked him, and Gallegos and Ortega, who looked on and failed to intervene. The Eighth Amendment prohibits the use of cruel and unusual punishment and requires correctional officers to protect inmates from a known risk of assault. *See Howard v. Waide*, 534 F.3d 1227, 1242 (10th Cir. 2008) (recognizing that prison inmates have a clearly established Eighth Amendment right to be protected from substantial risks of assault). The § 1983 claims against Chavez, Gallegos, and Ortega clearly state an Eighth Amendment claim, and the Court will therefore require those Defendants to answer the Complaint.

As to the remaining Defendants, the Complaint fails to establish that they were personally involved in any constitutional violation. The only concrete allegation against Alfero is that he lied in a disciplinary report. (*See* Doc. 1 at 7.) "The filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations." *Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986). *See also Northington v. McGoff*, 968 F.2d 20 (10th Cir. 1992) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a

4

claim for which relief can be granted where the procedural due process protections as required in [the Constitution] are provided."); *Collins v. King*, 743 F.2d 248, 253 (5th Cir. 1984) (claim that inmate was "improperly charged with things he did not do . . . , standing alone . . . , does not state a deprivation of due process"). Beyond lying in the disciplinary report, Mr. Sedillo has not alleged Alfero otherwise interfered with the disciplinary process. The claims against Alfero therefore fail.

The remaining Defendant, Warden Smith, cannot be liable for employing and supervising the officers who attacked Mr. Sedillo. To "succeed on a § 1983 supervisory-liability claim," he must show the Warden "'promulgated, created, implemented, or possessed responsibility for the continued operation of a policy that . . . caused the complained of constitutional harm' and 'acted with the state of mind required to establish the alleged constitutional deprivation.'" *Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)). Mr. Sedillo alleges Smith "is the Warden at CNMCF and looked the other way to this violent crime that happened under his watch." (Doc. 1 at 7.) He further alleges Smith was "supposed to see the orderly running of [CNMCF]" and is "guilty of not supervising his underlings and making sure they don't panic and violently assault inmates." (*Id.*) These allegations do not establish Smith personally knew about the risk of assault, or that Chavez, Gallegos, or Ortega were his direct reports. The allegations also fail to establish how the assault is traceable to any specific policy promulgated by Smith. Accordingly, the Complaint fails to state a claim against Smith.

Based on the foregoing, the Court will enter a separate order directing the Clerk's Office to issue notice and waiver of service forms to Chavez, Gallegos, and Ortega. The Complaint (Doc. 1) will be the controlling pleading as to those three Defendants. The Court will also dismiss the claims against Alfero and Smith without prejudice, but grant leave to file a supplemental amended

complaint against Alfero and Smith within 30 days of entry of this Order. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."). The supplemental amended complaint only needs to address the claims against Alfero and Smith and, if timely filed, will be the controlling pleading as to those two Defendants. If Mr. Sedillo declines to timely file a supplemental amended complaint against Alfero and Smith, the Court will dismiss those Defendants from this lawsuit, and the lawsuit will continue to proceed against Chavez, Gallegos, and Ortega.

**IT IS ORDERED** that the claims against Chavez, Gallegos, and Ortega survive initial review under 28 U.S.C. § 1915(e), and the Court will enter a separate order directing the Clerk to issue notice and waiver forms as to those three Defendants.

**IT IS FURTHER ORDERED** that all claims against Defendants Alfero and Smith are **DISMISSED without prejudice**; and Mr. Sedillo may file a supplemental amended complaint against Alfero and Smith within 30 days of entry of this Order.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE